Mark L. Javitch* (CA SBN 323729)
Javitch Law Office
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| REGAN SMITH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AFFORDABLE AUTOMOTIVE SOLUTION, an unknown business entity, SUNPATH LIMITED, a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation,<br><br>Defendants. | Case No.: 8:19-cv-00259<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff REGAN SMITH ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant AFFORDABLE AUTOMOTIVE SOLUTION, Defendant SUNPATH LIMITED CORP. and Defendant NORTHCOAST WARRANTY SERVICES, INC., (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own

1

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## NATURE OF THE ACTION

2. In the course of selling their services, Defendants and/or their agents placed thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3. Unfortunately, Defendants did not obtain consent prior to placing these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants have violated the statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff REGAN SMITH is a natural person and is a citizen of the District of Nebraska.

9. Defendant AFFORDABLE AUTOMOTIVE SOLUTION ("Defendant Affordable") is an unknown business entity doing business at 773 South Kirkman Rd #102, Orlando, Orange County, Florida 32811.

10. Defendant SUNPATH LIMITED (Defendant "Sunpath") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 50 Braintree Hill Park Ste 310, Braintree, Massachusetts 02184-8704

11. Defendant NORTHCOAST WARRANTY SERVICES, INC. (Defendant "Northcoast") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 Superior Avenue East, 21st Floor, Cleveland, Ohio 44114.

### JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

13. This Court has personal jurisdiction over Defendants because they placed phone calls into this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of Nebraska and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

### COMMON FACTUAL ALLEGATIONS

15. Defendants are companies that sell auto protection plans.

16. To increase the reach of their efforts, Defendants and/or their authorized sales agents repeatedly called and sent prerecorded voice messages to thousands or possibly tens of thousands of cell phones at a time.

17. When the Class members answered their cell phones or listened to their messages expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

18. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding their cell phones with these illegal voice recordings.

### FACTS SPECIFIC TO PLAINTIFF REGAN SMITH

19. On April 5, 2019 at 11:24 a.m., Plaintiff received a call on Plaintiff's cell phone.

20. Plaintiff answered the call and it was a prerecorded voice informing Plaintiff that her car warranty had expired and that she should "press one" to renew her auto warranty.

21. Plaintiff pressed one and was connected with Defendant Affordable's live telemarketing agent named Kayla.

22. Kayla said that she was selling auto protection plans from Defendant Sunpath and Defendant Northcoast.

23. Plaintiff was then transferred to Samantha, who asked plaintiff for relevant details such as the make, model, and mileage of her car.

24. Samantha said that Plaintiff's five-year warranty was expired and the only day to accept or decline to purchase a new protection plan was today.

25. Samantha said that the auto plan would cover the car for five years or up to 101,000 miles.

26. Plaintiff purchased and received a plan from Defendants.

27. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

28. Defendants' calls violated Plaintiff's statutory rights under the TCPA.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of itself and a class defined as follows:

> **No Consent Class.** All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular telephone; (4) that was called using an autodialer and/or played a prerecorded voice message; (5) for the purpose of performing or selling Defendants' services; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents,

successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    i.    Whether Defendants' conduct violated the TCPA;

    ii.      Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

    iii.     Whether Defendants called and played its voice recordings to thousands of cell phones;

    iv.     Whether Defendants obtained prior written consent prior to contacting any members of the Class;

    v.      Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

36.    **Superiority**: Plaintiff's case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of plaintiff's controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in Plaintiff's Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**

**Violation of 47 U.S.C. § 227**

**(On behalf of Plaintiff and the Class)**

37.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.    Defendants and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

39.    Defendants' calls were made for a commercial purpose.

40.    Defendants played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

41.    As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling

them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

42. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

43. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff REGAN SMITH, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff REGAN SMITH as the Class representative and appointing her counsel as Class Counsel;
B. An order declaring that Defendants' actions, as set out above, violate the TCPA;
C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;
D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;
E. An award of actual damages and/or statutory fines and penalties;
F. An award of reasonable attorneys' fees and costs; and
G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 14, 2019

Respectfully submitted,

REGAN SMITH, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch            .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)*
Mark L. Javitch, Attorney at Law
210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131

*Attorney for Plaintiff and the Putative Class*
*Pending Pro Hac Vice Admission